PER CURIAM.
William Jude Miller filed a motion for postconvietion relief, which was summarily denied by the trial court as untimely. The last day that Miller’s motion could have been timely filed was July 13,1998.[1] Miller states that his motion was placed in the hands of prison officials on July 11. The date-stamp from circuit court indicates the motion was filed in Lee County circuit court on July 15, 1998. Although Miller did not file with his motion any sworn documents to support his claim that his motion was placed in the hands of prison officials on July 11, given the fact that the motion was actually date-stamped four days after he alleges he filed it, Miller is, at the least, entitled to a hearing to present evidence, such as a prison log, to show that his motion was timely filed under the mailbox rule. See Moncer v. State, 666 So.2d 558 (Fla. 2d DCA 1995).
Accordingly, the order of the trial court denying Miller’s motion for postconviction relief is reversed, and the case is remanded. If the trial court determines that an evidentiary hearing is required to assure that the motion was indeed placed into the hands of prison officials no later than July 13, 1998, the trial court may require Miller to present evidence in support of his claim. In any event, if the court determines that the motion was timely filed, it shall consider the motion on its merits.
Reversed and remanded.
WHATLEY, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.

. Under Florida Rule of Criminal Procedure 3.040, if a filing deadline falls on a Saturday, the actual deadline is the following Monday. Because the last day for filing the motion in the case fell on a Saturday, the actual due date was Monday, July 13, 1998.